IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH A. SOMERS,

              Petitioner,                No. CIV S-04-0698 DFL KJM P

     vs.

TERESA SCHWARTZ, Warden,

              Respondent.        <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  On July 27, 2005, he filed a motion for an order directing prison officials at Avenal State Prison to return his electric typewriter, without which he is unable, he claims, to communicate effectively with this court or with the outside world. Petitioner had filed a similar motion in July 2004 while he was housed at California Medical Facility, which was resolved when officials returned his typewriter to him.

        An inmate has a constitutionally protected right of meaningful  access to the courts.  <u>Bounds v. Smith</u>, 430 U.S. 817, 820-21 (1977).  This right encompasses more than access to an adequate law library:   it includes access to "paper and pen to draft legal documents." <u>Id</u>. at 824-25; <u>see also</u> <u>Gluth v. Kangas</u>, 951 F.2d 1504, 1510 (9th Cir. 1991).  In this case, as before, petitioner alleges that a disability makes it impossible "to write, prepare and deliver

1   acceptable court papers" without his electric typewriter.  Motion at 4.  He does not allege,

2   however, that he has any current court deadlines in this case; indeed, with the filing of his reply

3   to respondent's answer, the case is now submitted.  Accordingly, petitioner has made no showing

4   that his right of access to this court in this case has been undermined by the confiscation of his

5   typewriter.

6          This court's jurisdiction in a habeas case is limited to determining whether

7   petitioner is in custody in violation of the United States Constitution.  See Estelle v. McGuire,

8   502 U.S. 62, 67-68 (1991).  In aid of that jurisdiction, the court may consider impediments to

9   petitioner's ability to litigate the underlying case.  The pendency of this habeas petition does not,

10  however, authorize this court to adjudicate petitioner's claims of retaliation and violations of the

11  Americans With Disabilities Act.  See Bogovich v. Sandoval, 189 F.3d 999, 1002 (9th Cir.

12  1999) (discussing differences between habeas and claims under the ADA); Moran v. Sondalle,

13  218 F.3d 647, 650-51 (7th Cir. 2000) (discussing differences between habeas and civil rights

14  actions).

15         Accordingly, IT IS HEREBY ORDERED that petitioner's July 27, 2005 motion

16  for an order directing the return of his typewriter is denied.

17  DATED:  November 18, 2005.

18

19  _____
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25  2
    some0698.tw
26

2