IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. SOMERS,<br><br>                  Petitioner,<br><br>vs.<br><br>TERESA SCHWARTZ,<br><br>                  Respondent. | No. 2:04-cv-00698-JKS-KJM<br><br>ORDER |

       Petitioner, a state prisoner proceeding *pro se*, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On August 16, 2007, the Magistrate Judge ordered that the Federal Public Defender be appointed to represent Petitioner and filed findings and recommendations in which the Magistrate Judge recommended that the matter be remanded to the Board of Prison Terms with directions to hold a new hearing in accordance with due process. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Both Petitioner and Respondent have filed timely objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be inconsistent with *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006) and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007). The Court therefore rejects the recommendation and directs entry of judgment in favor of Respondent, denying the petition.

Petitioner attacks the decision of the California Board of Prison Terms finding him unsuitable for parole and declining to set a parole date.[1]  Petitioner filed a petition for a writ of habeas corpus in the California Superior Court, which denied him relief in a reasoned written decision.  The California Court of Appeal denied relief on a habeas petition filed with that court citing *In re Powell* (1988) 45 Cal.3d 894, 904 and *Perveler v. Estelle*, (9th Cir. 1991) 974 F.2d 1132, 1134.[2]  The California Supreme Court summarily denied Petitioner's petition for a writ of habeas corpus without comment or citation to authority.

Petitioner objects to the findings that: (1) Petitioner was convicted on November 12, 1992, when in fact the offense occurred on that date and Petitioner was convicted on July 12, 1993;[3] and (2) the Magistrate Judge erred in finding that there were multiple victims, the factor cited by the board was supported by "some evidence."  Petitioner objects to the recommendation to the extent that it does not remand the matter to the Board of Prison Terms with directions to set a parole date.

Respondent continues to argue that under United States Supreme Court precedent there is no constitutionally protected liberty interest in a parole.  Respondent further argues that the Magistrate Judge erred in applying the "some evidence" test to the Board's decision—due process only requires that a prisoner be afforded a hearing and an opportunity to be heard, a standard that was met in this case.  Finally, Respondent argues that even if the "some evidence" test applied, there was some evidence to support the Board's determination, *i.e.*, the nature of the offense.

First, the Court rejects Respondent's arguments *vis-a-vis* the existence of a protected liberty interest in parole and inapplicability of the "some evidence" test.  Respondent's arguments that *Sandin v. Conner*, 515 U.S. 472 (1995) undercut the authority upon which the Ninth Circuit relies in finding a liberty interest in parole in *McQuillion v. Duncan*, 306 F.3d 895,

---

[1] This was the first parole board hearing held prior to the time Petitioner had served the minimum time required for parole under California law.

[2] *Powell* and *Perveler*, both adopt the "some evidence" test.

[3] Inasmuch as the Court rejects the findings and recommendation of the Magistrate Judge, it need not reach this error; which, in any event, is *de minimis* and had no effect on the Magistrate Judge's decision.

ORDER
*Somers v. Schwartz*, 2:04-cv-00698-JKS-KJM                            2

902 (9th Cir. 2002), and that the "some evidence" test is inapplicable are both foreclosed by *Sass v. California Bd. of Prison Terms*, 461 F.3d at 1127 n. 3, 1129. *See also Irons v. Carey*, 505 F.3d at 850–51 (same). Whatever the merits of Respondent's arguments may be, this Court is bound by decisions of the Ninth Circuit.

      Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004), which in this case was that of the California Superior Court. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

      The decision of the California Superior Court must be upheld if it is supported by some evidence that he is currently a danger to the public. *Sass v. California Bd. of Prison Terms*, 461 F.3d at 1128–29. The some evidence standard is minimal. It does not require this Court to examine the entire record, independently assess the credibility of witnesses, or reweigh the evidence. *Id*., at 1128.

      Petitioner's contention that he was denied due process because the "conclusions reached and factors relied on by the Board were devoid of evidentiary basis," *Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir. 2003), lacks merit. The California Superior Court, in denying his petition for a writ of habeas corpus, stated:

> Petitioner alleges that the Board of Prison Term's finding of his unsuitability for parole resulted in the denial of his right to due process. The Writ of Habeas Corpus is denied.

On July 12, 1993, petitioner was convicted by a jury of five counts, which included murder in the second degree.  He was sentenced to a term of 15 years to life with a minimum parole eligibility date of November 6, 2002.  Petitioner was convicted of concurrent counts which include Gross Vehicular Manslaughter by Motor Vehicle While Intoxicated; Eluding Peace Officer Causing Accident, Injury an [*sic*] Death; Driving Under the Influence Causing Injury to More than One Person; and Driving Under the Influence.

On January 02, 2002, the Board denied petitioner's request for parole suitability based on the commitment offense and its nature.  The Board found that the offense was carried out in a cruel manner where multiple victims were injured or killed.  Petitioner was observed driving at a high rate of speed, out of a night club parking lot.  Petitioner's car jumped the curb causing several people to move out of his path.  Petitioner's car struck a hot dog cart parked in front of the night club, causing a man standing behind the cart to leap backward to avoid being struck.  Two sheriff deputies observed the incident and pursued petitioner's vehicle which reached speeds of 70 to 80 mile [*sic*] per hour on Sunset Blvd in Los Angeles.  Petitioner weaved in and out of the west bound lanes, passing on the right and entering the east bound lanes on three separate occasions to get around stopped traffic.  Petitioner's vehicle failed to make a curve and skidded into east bound traffic colliding with a Chevette automobile being driven by Angel Lewis Ostrum.  Mr. Ostrurn was killed upon being impaled with a portion of the steering wheel.  Three passengers in the Chevette were injured.  The momentum of petitioner's vehicle caused it to continue traveling in the east bound lane colliding with a taxi cab causing minor injuries to two people inside the taxi cab.  When the sheriff deputies arrived, petitioner was on his cellular phone, asking someone to bail him out of jail.

The Board found that the offense was carried out in a manner which demonstrated a callous disregard for human suffering.  The Board indicated that the District Attorney opposed parole, and the correctional counselor's report did not take a stand.  The Board acknowledged the favorable psychological report and commended petitioner for his discipline free record and long list of programs he has completed.  However, the Board found that the positive aspects of petitioner's behavior did not yet outweigh the factors of unsuitability.

In determining an inmate's suitability for parole, the pivotal consideration is the public safety.  Penal Code 3041 (b).  The Board is required to consider all relevant reliable information bearing on the question.  CCR title 15, section 2402(b). Significant factors are the gravity of the current convicted offense and the timing and the gravity of current and past convicted offenses.  Penal Code 304 1 (b).  The commitment offense will tend to indicate unsuitability for parole if it was committed in an especially heinous, atrocious or cruel manner.  15 CCR 2402 (c)(1).  Upon individualized consideration, the particular circumstances of the inmate's commitment offense may be a basis for finding the inmate unsuitable for

parole.  In re Minnis, 7 Cal.3d at 647; In re Ramirez (2001) 94 Cal. App. 4th 549, 569; In re Rosenkrantz (2000) 80 Cal. App.4th 409, 426 ftn 18; In re Seabock (1983) 140 Cal. App. 3d 29, 37.

The Board took the entire record into consideration, including petitioner's offense, his laudable chronos as well as the long list of completed programs.  The Board, however, denied petitioner's parole suitability and set the next suitability hearing in one year.  There is no evidence that the Board made its decision in an arbitrary or capricious manner.

The factors relied upon by the California Superior Court unquestionably constitute " 'some evidence' having 'some indicia of reliability.' " *McQuillion v. Duncan,* 306 F.3d 895, 904 (9th Cir. 2002) (applying standard outlined by the Supreme Court in *Superintendent v. Hill,* 472 U.S. 445, 455 (1985)).  In *Sass v. California Bd. of Prison Terms, supra*, the court denied relief to a prisoner where the Board denied parole based in part on the nature of the offense, who was convicted of essentially the same charges as Petitioner, second degree murder, gross vehicular manslaughter, hit and run death, causing injury while driving under the influence, and felony drunk driving.  More recently, in *Irons v. Casey*, 505 F.3d at 852–53, the Ninth Circuit held that it is not a denial of due process when the Board of Prison Terms denies parole based solely on the nature of the offense.  In light of *Hill*, *Irons*, *Sass,* and *McQuillion*, this Court cannot say that the decision of the California Superior Court, which applied the same "some evidence" test applied in *Hill*, was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Nor can this Court find that the California Court of Appeal unreasonably applied the correct legal principle to the facts of the Petitioner's case as required by *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

In order for the Court to grant relief in this case, the Court would have to reweigh the evidence and find that the California courts had misapplied California law, *i.e.*, that the facts did not establish that Petitioner's commitment offense was committed in an especially heinous, atrocious or cruel manner within the scope of the California Regulation, 15 CCR 2402 (c)(1).  This, the Court cannot do.  To the extent the parties raise issues of the proper application of state

law, they are beyond the purview of this Court in a federal habeas proceeding.  It is presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).[4]  Petitioner is not entitled to relief.[5]

Accordingly, IT IS HEREBY ORDERED THAT:

1. The findings and recommendations filed August 16, 2007, are rejected;
2. Petitioner's application for a writ of habeas corpus is DENIED; and
3. The Clerk of the Court is directed to enter judgment accordingly.

IT IS FURTHER ORDERED THAT the Court issues a Certificate of Appealability on the issue of whether, under the facts of this case, the nature of the commitment offense, standing alone, is sufficient to sustain the denial of parole.

Dated:  December 18, 2007

        s/ James K. Singleton, Jr.
        JAMES K. SINGLETON, JR.
        United States District Judge

---

[4] The Magistrate Judge did not hold an evidentiary hearing in this case.  Thus, this Court reviews the state court fact findings, not those of the Magistrate Judge.

[5] The Court is not unmindful of the fact that the California Supreme Court has recently granted review in two cases in which the Court of Appeals overturned a decision of the Governor denying parole.  *In re Lawrence*, 168 P.3d 869 (Cal. 2007) (Court of Appeals decision reported at 59 Cal.Rptr. 537); *In re Shaputis*, review granted October 24, 2007, Case No. S155872  (the unpublished decision of the Court of appeals appears at 2007 WL 2372405 (August 21, 2007)).  It appears that the California Supreme Court may be open to reconsideration of *In re Dannenberg* , 104 P.3d 783 (Cal. 2007).  To the extent that *Sass* and *Irons* rely on *Dannenberg*, its modification might lead the Ninth Circuit to rethink *Sass* and *Irons*.  The Court will, therefore, grant a Certificate of Appealability to enable Somers to present his contentions to the Ninth Circuit.