IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. SOMERS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>TERESA SCHWARTZ,<br><br>　　　　　　Respondent. | No. 2:04-cv-00698-JKS-KJM<br><br>ORDER |

　　　　Petitioner Keith A. Somers, a state prisoner represented by counsel, appealed the judgment of this Court denying his Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. The Court of Appeals for the Ninth Circuit vacated the judgment of this Court, and remanded for reconsideration in light of the decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).[1]

　　　　The decision in *Hayward* significantly impacts the central issue in this case. This Court has determined that supplemental briefing by the parties addressing the impact of *Hayward* on this case is necessary. Accordingly,

　　　　**IT IS ORDERED THAT**:

1.　　On or before **September 2, 2010**, each party must separately serve and file a brief, not exceeding 15 pages in length, setting forth the party's position on the impact of *Hayward* on this case, in particular that "[t]he prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness."[2]

---

[1] Docket No. 44.

[2] *Hayward*, 603 F.3d at 562. The parties should also consider the effect of the subsequent decisions of the Ninth Circuit applying *Hayward* in *Pearson v. Muntz*, 606 F.3d 606 (9th Cir. 2010) (per

2. Respondent must specifically identify those characteristics, other than the underlying commitment offense, that support a finding that release of the Petitioner to parole status poses a current threat to public safety, *and* point to the specific evidence in the record that supports that determination.

3. Not later than 14 days after briefs in paragraph 1 are served and filed, each party may serve and file a reply brief, not to exceed 10 pages in length, addressing those matters addressed in the other party's opening brief. *The reply brief may not simply reiterate or restate arguments or issues covered in the party's opening brief.*

Dated: August 11, 2010

                                        s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge

---

curiam), *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and *Pirtle v. California Bd. of Prison Terms*, --- F.3d ---, 2010 WL 2732888 (9th Cir. July 12, 2010).