IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. SOMERS,<br><br>                Petitioner,<br><br>    vs.<br><br>TERESA SCHWARTZ,<br><br>                Respondent. | No. 2:04-cv-00698-JKS-KJM<br><br>ORDER |

      Petitioner Keith A. Somers, a state prisoner represented by counsel, appealed the judgment of this Court denying his Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. The Court of Appeals for the Ninth Circuit vacated the judgment of this Court, and remanded for reconsideration in light of the decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).[1]  At Docket No. 45 this Court ordered the parties to file supplemental briefs addressing *Hayward*. At Docket No. 47 Somers filed a Status Report indicating that the Board of Parole Hearings ("Board") granted Somers parole calculating his term at 330 months, less good time credit of 60 months. The Governor left the grant of parole undisturbed. Somers did, however, challenge the Board's calculation in the state courts. Upon remand from the Los Angeles Superior Court, the Board recalculated Somers's term, setting Somers's release date as February 23, 2011. Somers has not indicated any disagreement with the recalculated release date.

      In a subsequent separate proceeding before this Court, Somers challenged a later denial of parole by the Board in *Somers v. Schwartz ("Somers II")*.[2]  On April 8, 2010, this Court, upon

---

      [1] Docket No. 44.

      [2] Case No. 2:05-cv-01454-JKS. This Court takes judicial notice of that proceeding. Fed. R. Evid. 201.

the motion of Respondent, dismissed *Somers II* as moot.[3]  The basis for the dismissal was that the Board had granted Somers parole, the Governor had declined to review the grant, and the sole remaining issue was whether the Board had incorrectly calculated Somers's release date.  In dismissing *Somers II*, this Court determined that, given the sole remaining issue, it could not grant any further effective relief.  Somers did not appeal that order and it is now final.

Federal courts lack jurisdiction to consider moot claims.[4]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[5]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[6]

This Court may appropriately dismiss the Petition in this case as moot *sua sponte* on two bases: (1) the dismissal of *Somers II*, which involved the same parties, is *res judicata* on the issue of whether this Court can grant any further effective relief; and (2) in any event, as stated in Somers's Status Report, the sole remaining controversy between the parties has been resolved.[7]

There being no basis upon which this Court can grant effective relief, the matter is moot.[8]  Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

---

[3] Case No. 2:05-cv-01454-JKS, Docket Nos. 48, 49.

[4] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[5] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[6] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[7] Even if Somers continues to disagree with the Board's calculation, for the reasons stated in the dismissal of *Somers II*, this matter is nonetheless moot.

[8] *See American Casualty Co. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (stating that a case is moot if there is no "present controversy as to which effective relief can be granted.").

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[9] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[10]

The Clerk of the Court is to enter final judgment accordingly.

Dated: August 26, 2010

                                        /s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge

---

[9] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[10] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.